Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of injunction filed by the appellant to enjoin perpetually a judgment obtained against him by the appellees, in their representative character. It seems that he became a surety in a bond to try the right of property to two slaves, which had been levied upon under an execution in favor of the appel-lees. The grounds principally relied on for the injunction, are that, upon the trial of the issue as to the right of property in the slaves, the claimant was accidentally and unavoidably prevented from substantiating his claim; and that at the trial against himself in a suit upon thehond, to which he was surety, he was ignorant of the facts which, as he alleges, entitle him to relief. These facts were, that there was no full and fair trial of the *96 right of property in the first cause, in consequence of unavoidable accident; and that he can establish by the papers made exhibits to his bill, that the slaves were not subject to the execution of the appellees, having been conveyed away by deed of trust before the rendition of the judgment, in satisfaction of which they are taken. The answer denies the identity of one of the slaves in the deed of trust, with that taken under the execution, and there is no proof in the cause. The vice-chancellor dissolved the injunction to the extent of the value of that particular slave, and retained it as to the residue until final hearing. From this order an appeal was taken. This is the only part of the case before us, as no decision has been made as to the residue, and no appeal has been taken from the refusal to dissolve for the whole amount.
The court could not, under the circumstances, have possibly: done less. The only fact rvhich could at all have justified the retention of the injunction was denied, and was not proven. The order dissolving to that extent was clearly right.
. The answer moreover denies the existence of any accidental or unavoidable circumstances, which took away a fair trial at law, and avers that no witnesses had been summoned, nor any steps taken to prepare for trial. If its statements be true, and there is no proof to the contrary, there seems to be no ground for equitable interposition. But as only the order dissolving the injunction in part, was appealed from, and that by the complainant, we can do no more than affirm the decree, which is accordingly directed.
Decree affirmed.